NOT DESIGNATED FOR PUBLICATION

No. 127,060

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ANTWONETTE L. WILLIAMS-WINBUSH,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; ERIC WILLIAMS, judge. Submitted without oral argument. Opinion filed January 24, 2025. Affirmed.

*Grace E. Tran*, of Kansas Appellate Defender Office, for appellant.

*Raeley I. Goebel*, legal intern, *Kristi D. Allen*, assistant district attorney, *Marc Bennett*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before ARNOLD-BURGER, C.J., HILL and WARNER, JJ.

PER CURIAM: Antwonette L. Williams-Winbush appeals from the district court's decision to revoke her probation following her commission of multiple probation violations, including committing a new crime. After careful review of the record, we find no abuse of discretion by the district court; thus, we affirm.

1

In September 2021, Williams-Winbush pleaded guilty to one count of possession of heroin and one count of possession of methamphetamine for acts committed in February 2020. The district court imposed a total controlling sentence of 28 months' imprisonment, suspended to 18 months' supervised probation, and ordered Williams-Winbush to attend drug treatment.

Williams-Winbush's probation did not go well. In March 2022, the State filed a probation revocation warrant, alleging Williams-Winbush committed numerous probation violations, including: four failed drug tests; three instances of failing to report to her probation supervisor; failing to attend court-ordered drug treatment; and committing a new crime. In October 2022, Williams-Winbush admitted to the violations as alleged. Based on her admission, the district court found Williams-Winbush violated the terms of her probation. The district court ordered her to serve a three-day jail sanction, attend inpatient drug treatment, and extended her probation for 18 months. The district court warned Williams-Winbush the three-day jail sanction would satisfy the requirement for intermediate sanctions in the event she violated her probation again and, if she did, she would go to prison.

In March 2023, the State alleged Williams-Winbush committed 10 new violations of her probation, which included numerous instances of possessing, using, or testing positive for drugs; failing to report to her probation supervisor; and committing new crimes. Williams-Winbush admitted to five of the allegations and did not contest the other five. The district court found Williams-Winbush violated her probation. The parties recommended a referral to the drug court program or, if she was ineligible, a 60-day jail sanction followed by inpatient treatment and sober living. The district court continued disposition for two weeks so the parties could determine whether Williams-Winbush was eligible for the drug court program.

At the dispositional hearing, the parties informed the district court Williams-Winbush was not eligible for the drug court program. The State asked the district court to revoke probation. Williams-Winbush asked for a 60-day jail sanction and another chance on probation. The district court noted Williams-Winbush had an extensive criminal history, which included 33 convictions dating back to 2004, but committed two new crimes while on probation. The district court found Williams-Winbush was not amenable to probation; therefore, it revoked her probation and ordered her to serve her underlying prison sentence. Williams-Winbush timely appealed.

ANALYSIS

Williams-Winbush argues the district court erred in revoking her probation. However, she does not contest the fact she violated the terms of her probation. Once a probation violation is established, a district court has discretion to revoke probation unless otherwise limited by statute. *State v. Tafolla*, 315 Kan. 324, 328, 508 P.3d 351 (2022); see K.S.A. 22-3716(b) and (c) (requiring graduated sanctions before revocation in certain circumstances). A judicial action constitutes an abuse of discretion if (1) it is arbitrary, fanciful, or unreasonable; (2) it is based on an error of law; or (3) it is based on an error of fact. *State v. Ingham*, 308 Kan. 1466, 1469, 430 P.3d 931 (2018). As the party asserting the district court abused its discretion, Williams-Winbush bears the burden of showing such abuse of discretion. See *State v. Crosby*, 312 Kan. 630, 635, 479 P.3d 167 (2021).

Here, the district court had already imposed intermediate sanctions as required under K.S.A. 22-3716(c)(1)(B). Therefore, the district court had authority to revoke Williams-Winbush's probation under K.S.A. 22-3716(c)(1)(C) based on her new probation violations.

3

Williams-Winbush identifies no error of fact or law underlying the district court's decision. It is undisputed she violated the terms of her probation. Williams-Winbush makes numerous policy arguments for why a nonprison sanction and further drug treatment would have been a better alternative. However, Williams-Winbush twice failed to comply with court orders for drug treatment. The district court noted Williams-Winbush had an extensive criminal history, which included 33 prior convictions, but committed multiple new crimes on probation. Here, the district court soundly concluded Williams-Winbush was not amenable to probation. While reasonable persons could perhaps come to different conclusions whether a lesser sanction and further treatment would have been appropriate, the district court's decision here was not such that no reasonable person would agree with it. Accordingly, Williams-Winbush has not met her burden to show an abuse of discretion by the district court in revoking her probation and ordering her to serve her underlying prison sentence.

Affirmed.